IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                        No. 2:05-cr-0113 LKK JFM

      vs.

SERGIO CURIEL, SR.,

      Movant.                           ORDER

_____/

        On January 10, 2011, respondent filed a motion for an order finding waiver of attorney client privilege, requiring disclosure from prior counsel and extending the government's time for filing an answer until 45 days after issuance of an order. Movant has not responded to the motion.

                      FACTUAL AND PROCEDURAL BACKGROUND

        On April 17, 2007, movant pled guilty to one county of conspiracy to distribute and to possess with intent to distribute methamphetamine and cocaine. See Doc. No. 235. Movant was sentenced to a term of imprisonment for 240 months and a term of supervised release for 120 months. Id. Movant did not appeal in light of the plea agreement. See Pet. at 4.

        On August 25, 2008, movant filed an amended motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Therein, movant seeks relief on four grounds: (1) his

1

guilty plea was obtained involuntarily; (2) ineffective assistance of counsel during all stages of criminal proceedings prior to plea agreement; (3) ineffective assistance of counsel during plea bargaining; and (4) sentencing judge improperly considered two prior misdemeanor convictions.

On January 20, 2009, respondent filed a motion to dismiss, which was denied by the undersigned on September 28, 2009. On January 10, 2011, respondent filed the instant motion.

DISCUSSION

Respondent seeks a finding that movant waived the attorney-client privilege by asserting claims for ineffective assistance of counsel. In his petition, movant contends he was denied the opportunity to read and review the presentence investigation report ("PSR") prior to sentencing by both attorneys representing him during his criminal proceedings, Gilbert A. Roque and Arturo Hernandez. So as to properly respond to movant's petition, respondent asserts it needs access to all oral or written communications between movant and these two attorneys as they relate to the PSR and to any documentation in their files concerning reviewing the PSR with the movant prior to the sentencing on April 17, 2007.

In Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), the Ninth Circuit addressed the scope of an implied waiver of the attorney-client privilege in the context of a habeas petitioner's claim of ineffective assistance of counsel. There, the court held that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Id. at 716.

The Ninth Circuit qualified that statement by imposing a "narrow waiver rule," which encompasses two situations. Bittaker, 331 F.3d at 720-21; see United States v. Gray, 2007 WL 1848030, at *5 (N.D. Cal. 2007). The first concerns the scope of the communications a petitioner must disclose to the State if he chooses to proceed with his ineffective assistance of counsel claim. The appellate court held that "the court must impose a waiver no broader than

needed to ensure the fairness of the proceedings before it. . . . Courts, including ours, that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question." Id. at 720.  Thus, a petitioner need not disclose all of the communications with his or her counsel, but only those that address the particular claims of ineffectiveness at issue and that are necessary to give the opposing party a fair opportunity to defend.  See Alvarez v. Woodford, 81 Fed. Appx. 119, 119 (9th Cir. 2003) (only those documents or portions of documents relating to the claim asserted by the petitioner were ordered disclosed); United States v. Garcia, 2010 WL 144860, slip op. at 5 (E.D. Cal. 2010) ("When a petitioner in a habeas corpus action raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged); Webster v. Ornoski, 2007 WL 1521048, slip op. at 2-3 (E.D. Cal. 2007) (citing Mason v. Mitchell, 293 F. Supp. 2d 819, 829 (N.D. Ohio 2003) (ineffective assistance of counsel claim limited to penalty phase and respondent therefore precluded from obtaining documents from trial counsel's files relating to the guilt phase of petitioner's trial)).  The second element of the "narrow waiver rule" concerns the use of the disclosed material in litigation outside of this habeas petition and is not at issue here.

Upon review, the court finds that movant has waived the attorney-client privilege as to his allegation that he was denied the opportunity to read and review the PSR.  All other communications remain protected by the attorney-client privilege.

Accordingly, IT IS HEREBY ORDERED that

1. Respondent's January 10, 2011 motion for an order finding waiver is granted;

2. Respondent may seek oral and written information from attorneys Gilbert A. Roque and Arturo Hernandez concerning movant's access to and review of the PSR prior to

/////

/////

/////

3

sentencing. This information shall be limited in scope in accordance with this court's protective order filed concurrently herewith; and

      3. Respondent shall file an answer within 45 days of the date of this motion.

DATED: March 15, 2011.

                                    UNITED STATES MAGISTRATE JUDGE

/014;curi0113.waiver