IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Respondent, | No. 2:05-cr-0113 LKK JFM |
| vs. | |
| SERGIO CURIEL, SR., | <u>ORDER AND</u> |
| Movant. | <u>FINDINGS & RECOMMENDATIONS</u> |
| _____/ | |

      Movant is a federal prisoner proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On April 17, 2007, movant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine and cocaine. <u>See</u> Doc. No. 235. Movant was sentenced to a 240-month term of imprisonment and a 120-month term of supervised release. <u>Id.</u> Movant did not appeal in light of the plea agreement. <u>See</u> Pet. at 4. In the instant motion, movant raises multiple claims for relief from the conviction and sentence. Respondent contends that movant's claims are barred and do not have merit.

      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

      In the Superseding Indictment filed July 28, 2005, movant was charged with conspiracy to distribute and to possess with intent to distribute methamphetamine and cocaine, in

1

violation of 21 U.S.C. §§ 846 and 841(a)(1); attempt to possess with intent to distribute methamphetamine, id.; possession with intent to distribute cocaine, id.; and distribution of methamphetamine, id. Doc. No. 71. Movant pleaded not guilty. Doc. No. 73.

At a change of plea hearing held on September 15, 2006, during which movant was represented by Gilbert Roque, the following exchange took place:

> [PROSECUTOR]: ... Pursuant to the plea agreement, [movant] will plead guilty to Count 1 in the indictment charging conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 United States Code Section 846 and 841(a)(1), involving at least 5-grams of methamphetamine actual and 5 kilograms of a mixture or substance containing cocaine.
>
> Second, [movant] agrees to stipulate to the factual basis in Exhibit A to the plea agreement, and that the amount of drugs involved in the conspiracy exceeded one and a half kilograms of methamphetamine actual. [¶]
>
> The [movant] also agrees to cooperate with the Government in its ongoing investigation, and, finally, agrees to waive appeal and collateral attack.
>
> The Government agrees to dismiss the remaining counts against this [movant] at sentencing. If he fully cooperates, the Government will recommend a sentence of 15 years. And the Government will not oppose a three level reduction for acceptance of responsibility, if the probation office determines that that's appropriate in this case.
>
> THE COURT: Waiver of appeal and collateral attack?
>
> [PROSECUTOR]: Yes, your Honor.
>
> THE COURT: That's your understanding, Mr. Roque?
>
> [DEFENSE COUNSEL]: Yes, Judge.
>
> THE COURT: [Movant], do you understand what the Assistant United States Attorney has just told the court?
>
> [MOVANT]: Yes.
>
> THE COURT: And is it your desire to enter a plea in accordance with this arrangement?
>
> [MOVANT]: Yes.

Doc. No. 266 at 2-4. Before accepting the guilty plea, the trial court discussed certain rights and presumptions that movant was abandoning by pleading guilty, including his right to a jury trial,

presumption of innocence, right of confrontation and right to appeal. Id. at 4-7. Movant was then informed that his potential sentence ranged from a ten year minimum sentence to life imprisonment. Id. at 7-8. Subsequently, the trial court asked movant these questions:

> THE COURT: Now, [movant], I'm going to have you sworn and ask you some questions. If you are not to tell the truth after being sworn, you'll be subjecting yourself to a possible additional prosecution, for perjury or false statement, do you understand?
>
> [MOVANT]: Yes.
>
> [Movant was sworn in.] [¶]
>
> THE COURT:  Did you read – was the plea agreement read to you in Spanish before you signed it?
>
> [MOVANT]:  Yes.
>
> THE COURT: Were any promises made to you to plead guilty, that was not included in the written plea agreement?
>
> [MOVANT]:  No.

Id. at 9-10. Following further discussion with counsel, the trial court accepted movant's plea. Id. at 11-12.

On December 13, 2006, following the change of plea hearing, Arturo Hernandez was substituted for Mr. Roque.

On April 17, 2007, a sentencing hearing was held, during which movant was sentenced to 240 months imprisonment followed by 120 months of supervised release. Doc. No. 257.

On April 21, 2008, movant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. On August 25, 2008, movant filed the operative amended motion pursuant to Section 2255 seeking relief on three general grounds: (1) his guilty plea was obtained involuntarily; (2) his counsel was ineffective during all stages of the criminal proceedings; (3) the sentencing judge erred during the sentencing hearing.

/////

On January 20, 2009, respondent filed a motion to dismiss on the ground that movant's motion is barred by the express terms of his plea agreement wherein movant agreed to waive collateral attack. On September 28, 2009, the undersigned denied the motion without prejudice in light of Soto v. United States, 2009 WL 1862454 (E.D. Cal.) (1:06-cr-0315 AWI), which suggested that "[t]he distinction between conduct occurring before or after the plea has some significance" in the context of ineffective assistance of counsel claims under Ninth Circuit authority. The Soto court certified for appeal two questions:

> 1. Does a defendant who executes a plea agreement containing a generalized waiver of rights to appeal or collaterally attack his sentence or conviction thereby waive his right to claim ineffective assistance of counsel where the allegedly ineffective assistance occurred after the plea agreement was executed?
>
> 2. Does a defendant who executes a plea agreement containing a generalized waiver of rights to appeal or collaterally attack his sentence or conviction thereby waive the right to claim, either by way of direct appeal or collateral attack, sentencing error under Apprendi, Ameline, or Booker?

Id. at *11. Although Soto remains pending on appeal, respondent was advised that, should he renew the motion to dismiss, he shall address the application of the reasoning set forth in Soto.

On May 27, 2011, respondent filed an opposition to the instant petition and renewed the argument raised in his motion to dismiss. On June 20, 2011, movant filed an answer, which the court construes as a traverse. In the traverse, movant requests an evidentiary hearing and requests that the court strike respondent's motion to dismiss.

## STANDARDS

Section 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

/////

4

Ordinarily, a defendant may not raise a claim for the first time in a § 2255 motion. United States v. Frady, 456 U.S. 152, 167 (1982) (claim not raised on direct appeal is barred); United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claimed error."). "'Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent."' " U.S. v. Ratigan, 351 U.S. 957, 964 (9th Cir. 2003 (quoting Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted)). "Constitutionally ineffective assistance counsel constitutes cause sufficient to excuse a procedural default." Ratigan, 351 U.S. at 964-65 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986). However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. at 486.

## DISCUSSION

As discussed supra, movant presents three general grounds for relief: (1) his guilty plea was obtained involuntarily; (2) his counsel was ineffective during all stages of the criminal proceedings, and (3) the sentencing judge erred during the sentencing hearing. Respondent asserts that these claims are barred by the plea agreement and are, nonetheless, meritless.

I.   Plea Agreement

Respondent renews his motion to dismiss on the ground that the pending petition is barred by the express terms of movant's plea agreement wherein he agreed to waive collateral attack.

A plea agreement is a contract and subject to contract law standards. United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001). In a plea agreement, a defendant may

waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.), cert. denied, 546 U.S. 883 (2005); United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); United States v. Racich, 35 F. Supp.2d 1206, 1210 (S.D. Cal. 1999).

Here movant expressly waived both his right to appeal and his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. Movant's plea agreement stated, in relevant part:

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the sentencing guideline range determined by the court consistent with the stipulation set forth in this plea agreement.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

Mot. to Dismiss, Ex. 1, Plea Agreement at 9.

Movant also specifically acknowledged at the hearing on his change of plea that he understood he was giving up his right to appeal or attack the judgment and sentence:

> THE COURT: Now, sir, you are also giving up your right of appeal and collateral attack. And what that means is, that as long as I sentence in accordance with the deal that you made with the Government, no court, higher, lower or at the same level, no court will have the power to examine these proceedings and determine whether they are legally proper or whether there's a factual basis for the plea. Do you understand?
>
> [MOVANT]: Yes.

Doc. No. 66 at 7. It is thus apparent that movant waived his right to collaterally attack his judgment and sentence under 28 U.S.C. § 2255. Thus, except for the reasons set forth below,

respondent's motion to dismiss should be granted.

II.     Movant's Claims

    A.     Involuntariness of Plea

The Supreme Court decisions in Tollett v. Henderson, 411 U.S. 258 (1973), and Hill v. Lockhart, 474 U.S. 52 (1985), sharply curtail the possible grounds available for challenging a conviction entered following a guilty plea. As the Court stated in Tollett:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [constitutional] standards [established for effective assistance of counsel.]

411 U.S. at 267. Accordingly, "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." Id.

In Hill, the Court held that the two-pronged test of Strickland v. Washington, 466 U.S. 668 (1984), applies to challenges to pleas based on ineffective assistance of counsel. 474 U.S. at 58. Accordingly, a petitioner seeking to set aside a plea on this basis must demonstrate: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the defective performance resulted in actual prejudice. Hill, 474 U .S. at 58-59.

On the performance prong, the question is not what counsel might have done differently but rather is whether counsel's decisions were reasonable from his perspective at the time. In this regard, the reviewing court starts from a strong presumption that counsel's conduct fell within the wide range of reasonable conduct. Strickland, 466 U.S. at 689. That is, there is a strong presumption that counsel acted for tactical reasons rather than through sheer neglect. Pinholster, 131 S. Ct. at 1404. The reviewing court therefore must not simply give counsel the benefit of the doubt but instead must affirmatively entertain the range of possible reasons

7

counsel may have had for proceeding as they did. 131 S.Ct. at 1407. In so doing, the reviewing court inquires into only the objective reasonableness of counsel's performance, not counsel's subjective state of mind. Id.

On the prejudice prong, as a general matter under Strickland, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A reasonable probability requires a "substantial," not just a "conceivable," likelihood of a different result. Pinholster, 131 S. Ct. at 1403. Application of this general principle to the specific context of a plea leads to the requirement that the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Such a determination must be made objectively, without regard for the "idiosyncrasies of the particular decision maker." See 474 U.S. at 59-60.

While surmounting Strickland's high bar is "never an easy task," federal habeas review is "doubly deferential" in a case governed by AEDPA. In such cases, the reviewing court must take a "highly deferential" look at counsel's performance through the also deferential" lens of § 2254(d). Pinholster, 131 S. Ct. at 1403, 1410.

   a.   The Presentence Report

Movant first argues that his plea was involuntary and unknowing because he was not given an opportunity to review and object to the presentence report ("PSR") prior to changing his plea. This argument is belied by the declaration of movant's first counsel, Gilbert Roque, which respondent submits with the Answer. Mr. Roque declares that on September 20, 2006, he completed the worksheet for the probation report with movant at the Sacramento County Jail. Mr. Roque submitted the worksheet to the probation officer, who interviewed movant on September 27, 2006 at the Sacramento County Jail during a meeting at which Mr.

1  Roque was present.  Subsequently, Mr. Roque received a draft PSR from the probation officer,
2  which Mr. Roque reviewed with movant on November 1, 2006.  Following the joint review of
3  the PSR, Mr. Roque submitted an objection letter with the probation officer on November 7,
4  2006.  On November 21, 2006, the probation officer responded to the defense's informal
5  objections and amended the PSR. On November 27, 2006, Mr. Roque visited movant at the
6  Sacramento County Jail for the purpose of reviewing the final draft PSR.  Roque Decl., ¶ 9.
7  During that visit and after discussing other matters related to the criminal case, movant refused
8  to review the PSR.  Id.  Thereafter, Mr. Roque filed formal objections to the PSR.  Movant does
9  not dispute the statements in Mr. Roque's declaration.  As such, this claim lacks merit.

    b. <u>Explanation of Terms / Consequences of Plea Agreement</u>

11      Movant next argues that his guilty plea was obtained involuntarily and
12  unknowingly in that he was induced by his attorney into signing the plea agreement without fully
13  explaining the agreement or the consequences of the agreement.  At the change of plea hearing,
14  however, the district court reviewed and movant confirmed that he understood the charges to
15  which he was pleading guilty, the consequences of his plea, and the terms of the plea agreement.
16  Movant's "[s]olemn declarations in open court carry a strong presumption of verity" and
17  "constitute a formidable barrier" to his collateral attack.  <u>Doe v. Woodford</u>, 508 F.3d 563, 571
18  (9th Cir. 2007) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)).  Therefore, relief on this
19  ground should be denied.

    c. <u>Drug Quantities</u>

21      Movant claims his counsel was ineffective concerning the drug quantities in the
22  plea agreement and cites to <u>United States v. Minore</u>, 292 F.3d 1109 (9th Cir. 2002).  In <u>Minore</u>,
23  the Ninth Circuit held that where drug quantity exposes the defendant to a higher statutory
24  maximum sentence than he would otherwise receive, drug quantity is the functional equivalent
25  of a "critical" element.  <u>Id.</u> at 1116-17.  "Rule 11(c)(1) and due process require the district court
26  to advise the defendant of each critical element of the offense."  <u>Id.</u> at 1117.  Movant should

9

therefore have been informed that a jury would have had to find the drug quantities beyond a reasonable doubt.

Movant's argument that counsel was ineffective fails because counsel had no obligations under Minore. To the extent movant argues that counsel should have objected to the drug quantities, he does not explain why such an objection was necessary. Insofar as movant argues that the trial court violated his rights under Minore and Federal Rule of Criminal Procedure 11, he argument is meritless. Notwithstanding the fact that the plea agreement bars movant from collaterally attacking this issue, the government attorney explained at the court's direction the critical elements – including drug quantity – that the government would have to prove to the jury beyond a reasonable doubt.[1] Doc. Nos. 263 at 2-3; 266 at 2-3. Movant indicated that he understood the elements and his right to a jury trial as to those elements. Id. at 4. Accordingly, it should be held that movant was adequately informed of his rights pursuant to Minore and Rule 11.

B.   Sentencing Errors

Movant also asserts sentencing errors in his petition. However, as one district court has recently observed,

> "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."). The defendant's rights to challenge any sentencing errors may be explicitly waived. See e.g. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). Where a waiver specifically includes the waiver of the right to appeal a sentence, then it also waives "the right to argue ineffective assistance of counsel at sentencing." U.S. v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000).

---

[1] In United States v. Portillo-Cano, 192 F.3d 1246 (9th Cir. 1999), the Ninth Circuit recognized that "[t]he prosecutor, instead of the judge, may explain the nature of the charges." Id. at 1251 n.4.

United States v. Mendoza-Romero, Nos. CV-09-0129-PHX-PGR (LOA), CR-08-0871-PHX-PGR, 2009 WL 3823732, at *4 (D. Ariz. Nov. 12, 2009).

      a.    The Presentence Report

Movant argues that the trial court erred when it did not determine whether he actually reviewed the PSR in violation of Federal Rule of Criminal Procedure 32(i)(a)(1). This argument is foreclosed by the terms of the plea agreement. See Tollett, 411 U.S. at 267.

      b.    Specific Performance

Movant also argues that he did not receive the benefit of the terms of the plea agreement. Pursuant to the terms of the plea agreement:

> The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this Agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all question, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) the produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.
>
> If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be knowingly false, misleading, or materially incomplete, or if the defendant otherwise violates this Plea Agreement in any way, or if the defendant otherwise violates this Plea Agreement in any way, the government will no longer be bound by its representations to the defendant concerning the limits of criminal prosecution and sentencing as set forth herein.

Mot. to Dismiss, Ex. 1 Plea Agreement at 5.

According to the terms of the plea agreement, as relayed to and understood by movant during the plea entry hearing, movant was informed that the government would recommend a term of fifteen years in exchange for movant's cooperation. Doc. No. 266 at 3-4. At the sentencing hearing, however, the government recommended 20 years imprisonment due to movant's failure to cooperate:

> THE COURT: Government's recommendation for 5K1 is down to 15 years?
>
> /////
>
> [PROSECUTOR]: 20 years, Your Honor, because he didn't complete his cooperation.
>
> THE COURT: The deal was 15 years if he completed his cooperation?
>
> [PROSECUTOR]: That's exactly right, Your Honor. He met with us once.
>
> THE COURT: I understand. [¶] Tell me, what he did, what he didn't do?
>
> [PROSECUTOR]: Your Honor, we met with him once for a two-hour-period. He gave us a list of names, you know, but without really a lot of information about the people. It was – it was a substantial list.
>
> The recommendation of the probation officer is for a 30 year sentence. It seemed to me that to give him down to 20 years seemed appropriate. [¶]
>
> Usually, when someone cooperates fully and completely we give them a 50 percent deal. And we recommended that here, but he pulled back from that deal. . . .
>
> THE COURT: [Defense counsel], any chance that your client is going to go back and talk to the government?
>
> [DEFENSE COUNSEL]: I'm sure that he would if he could help them, Your Honor. The recommendation will be that he does.
>
> I don't know if there was anything to do with the previous attorney's chemistry, if you will, with my client, and that my client felt – somehow faltered in his position, maybe that situation will be remedied. . . .

Doc. No. 257 at 6-9.

Movant asserts that he is entitled to the plain terms of the plea agreement because he cooperated with the government and because there exists ambiguity as to the definition of the term "fully" in the plea agreement. See Pet. at 17. At the outset, the court notes that movant does not explain how the term "fully" is ambiguous. Moreover, neither movant nor his defense counsel disputed the government's assertion at the sentencing hearing that movant failed to cooperate. In fact, defense counsel recommended that movant cooperate further with the government. In his petition, movant admits that he did not cooperate fully and suggests that a conflict of interest between himself and his sentencing attorney prevented him from doing so.

12

Movant does not identify what this conflict was and the court need not accept as true movant's allegation that such a conflict existed. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (internal quotation marks omitted). Thus, relief is not warranted on this ground.

        c.      Misdemeanor Convictions

Finally, movant argues that the trial court erred in considering two misdemeanor convictions arising in 1986 and 1988 when sentencing petitioner because these convictions were older than the fifteen year guideline range in the Federal Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 4A1.1 (2010). Movant did not raise this issue on appeal. "[A] § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding." United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996). Although he could have done so, movant did not raise on appeal any issue as to the appropriateness of his sentence. "[N]onconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255." United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994); accord McMullen, 98 F.3d at 1157; see Dodd v. United States, 321 F.2d 240, 243 (9th Cir. 1963) ("The rule is clear that a 2255 proceeding is not a substitute for an appeal; that a sentence may not be collaterally attacked for errors of law at the trial which could have been corrected on appeal.").

Movant, however, may present a sentencing error if it presents a constitutional issue. See Schlesinger, 49 F.3d at 485. Ineffective assistance of counsel is a constitutional violation. Here, movant argues that his attorney was ineffective for failing to "strenuously" object to the use of the dated misdemeanors. This argument fails because the record reflects that counsel did object to the use of the misdemeanors as dated both prior to and during the sentencing hearing. See Doc. No. 257 at 4-5; see also Doc. No. 187, Objection to Presentence Report. There is no requirement, constitutional or otherwise, that counsel object "strenuously."
/////

III.     Miscellaneous Reqeusts

    A.     Request for Evidentiary Hearing

In his traverse, movant requests an evidentiary hearing. Under 28 U.S.C. § 2255(b), the court must grant a request for evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ...." For the reasons set forth above, the undersigned will deny movant's request for an evidentiary hearing.

    B.     Movant's Request to Strike

Also in his traverse, movant requests that the court strike respondent's renewed motion to dismiss "since, in the overall scheme of things, Mr. Curiel was never allowed to read his [PSR], nor did counsel read the [PSR] to him." Traverse at 2. For the reasons set forth above, this request will be denied.

For all of the foregoing reasons, movant's § 2255 motion should be denied. Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2255. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, movant has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's request for an evidentiary hearing is denied;

2. Movant's request to strike respondent's motion to dismiss is denied; and

/////

IT IS HEREBY RECOMMENDED that:

1. Movant's August 25, 2008 amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied;

2. The district court decline to issue a certificate of appealability; and

3. The clerk of the court be directed to close the companion civil case No. 2:08-cv-0859 LKK JFM.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 4, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;curi0113.257