UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGIO CURIEL, SR.,<br><br>　　　　Defendant. | CR. NO. 2:05-0113-01 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court are defendant Sergio Curiel, Sr.'s motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket Nos. 299, 300, 303.)

I.　Factual and Procedural History

On July 28, 2005, the grand jury returned its Superseding Indictment charging defendant with conspiracy to distribute and possess methamphetamine. (Docket No. 71.) Defendant pleaded guilty pursuant to a written plea agreement with the government filed on September 15, 2006. (Docket No.

1

155.)  In the plea agreement, defendant agreed that the amount of drugs involved in the underlying conspiracy exceeded 1.5 kilograms of actual methamphetamine.  Id. at 2.  Judge Karlton held a sentencing hearing on April 17, 2007.  (Docket No. 233.)  Judge Karlton adopted the presentence report, which set forth defendant's base offense level of 38, a total offense level of 41, and a criminal history category of II.  (See Sentencing Hr'g Tr. 7 (Docket No. 257); PSR ¶¶ 38-55.)  Under the Sentencing Guidelines, the resulting guideline range was 360 months to life in prison.  PSR ¶ 74.  Based on the government's motion, defendant received a downward departure from the low end of the applicable range and was ultimately sentenced to 240 months' imprisonment, 33 percent below the bottom of the guideline range.  (Sentencing Hr'g Tr. 7, 10.)

In 2014, the U.S. Sentencing Commission issued Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G."), reducing guidelines ranges for certain drug offenses by two offense levels.  In accordance with Congress's directive in 28 U.S.C. § 994(u), the Commission further determined that Amendment 782 should have retroactive effect for those currently serving terms of imprisonment.  See U.S.S.G. App. C, Amend. 782.

On February 17, 2015, July 7, 2016, and July 11, 2016, defendant filed successive motions for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).  After the filing of the motions, the court appointed counsel for defendant, who filed a reply in support of the motions.  (See Docket No. 311.)

Defendant argues that Amendment 782 retroactively reduces his total offense level to 39, with an applicable amended

guideline range of 292 to 365 months. (Def.'s Mot. Reply 2.) With a further reduction comparable to the 33 percent reduction he originally received, defendant requests a total sentence reduction to 195 months.[1] (Id.)

II. Discussion

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'--namely, § 1B1.10." Dillon v. United States, 560 U.S. 817, 826 (2010). Courts have thus interpreted the statute to establish a "two-step inquiry." See id. at 826-27. "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is

---

[1] Defendant initially requested that his sentence be reduced to 168 months, and then requested that his sentence be reduced to 188 months. His appointed counsel then asserted in reply to the government's opposition that the proper sentence under the amended guidelines would be 195 months. Defendant also initially referenced Johnson v. United States, 135 S. Ct. 2551 (2015), but he did not provide any argument how Johnson might apply, and at any rate, Johnson appears inapplicable to this case.

warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id. at 826.

Here, the government contends that defendant is not eligible for a sentence reduction because Amendment 782 does not lower the applicable guidelines range. (Gov't Opp'n 3-4 (citing, inter alia, U.S.S.G. § 1B1.10 ("[A] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range.")).) Specifically, the government argues that because the Presentence Report found that defendant was responsible for 5,236.8 grams of actual methamphetamine, his base offense level is still 38, and after the applicable firearms and leadership enhancements, his total offense level is still 41, which along with his criminal history category II, results in a 360 months to life sentence, the same guidelines range he faced before Amendment 782.

However, as noted by defendant, the parties stipulated in the plea agreement that defendant was responsible only for "more than 1.5 kilograms" of actual methamphetamine, not more than 5 kilograms. The PSR states that the conspiracy involved more than five kilograms of methamphetamine, but Judge Karlton did not make any specific finding that the defendant was responsible for that entire quantity. As "relevant conduct is not necessarily the same for every participant" in a conspiracy, U.S.S.G. § 1B1.3, comment 3(B), Judge Karlton's adoption of the PSR does not constitute a factual finding that the defendant was specifically responsible for more than five kilograms of methamphetamine.

4

1         Because the Supreme Court has stated that § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," Dillon, 560 U.S. at 826, this court is not authorized to make the necessary factual finding that defendant was responsible for more than five kilograms of methamphetamine.  Thus, in considering defendant's § 3582 motion, the court relies only on the "more than 1.5 kilograms" quantity of actual methamphetamine stipulated to by the defendant in the plea agreement.

          Under the amended guidelines, the base offense level for at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine is now 36.  With the applicable enhancements, defendant's new total offense level of 39, along with his criminal history category II, results in an amended guideline range of 292 to 365 months' imprisonment.  Thus, Amendment 782 results in a different guidelines range and defendant is eligible for a sentence reduction under step one of the Dillon inquiry.

          Under step two of Dillon, the court considers the applicable § 3553(a) factors and determines whether the reduction is appropriate under the particular circumstances of the case, in light of the Sentencing Commission's policy statements.  The government provides no argument on this issue, and the court sees no reason to deny defendant a reduction in his sentence. Accordingly, the court will grant defendant a sentence modification pursuant to Amendment 782 with immediate effect, consistent with U.S.S.G. § 1B1.10.  The court will apply a 33% reduction to the low end of the guidelines range in keeping with Judge Karlton's original sentence.

1       IT IS THEREFORE ORDERED that defendant's motion for
2  reduction of sentence pursuant to § 3582(c)(2) be, and the same
3  hereby is, GRANTED.  Defendant's term of imprisonment shall be
4  reduced to **195 months.**
5  Dated:   November 16, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE