UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGIO CURIEL, SR.,<br><br>　　　　Defendant. | CR. NO. 2:05-0113-01 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION FOR RECONSIDERATION OF SENTENCE REDUCTION |

----oo0oo----

On November 16, 2016, this court granted defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G."), reducing defendant's sentence from 240 months to 195 months. (Docket No. 312.) In reducing defendant's sentence, this court noted that the original sentencing judge did not make an explicit finding regarding the drug quantity attributable to defendant, and held that absent such a finding, the court could only consider the amount agreed to by defendant in the plea agreement

1

– "more than 1.5 kilograms" of actual methamphetamine. Based on this quantity and Amendment 782 to the U.S. Sentencing Guidelines, defendant's Guidelines range was reduced, and the court found that a sentencing reduction was appropriate under the particular circumstances of the case. The court ultimately applied a 33% reduction to the low end of the amended Guidelines range in keeping with defendant's original sentence, resulting in defendant's new sentence of 195 months.

Now, almost ten months after the court reduced defendant's sentence, the government moves for reconsideration of the sentence reduction in light of the Ninth Circuit's recent decision in United States v. Mercado-Moreno, 869 F.3d 942 (9th Cir. 2017). (Docket No. 317.) Under Mercado-Moreno, which had not been decided at the time defendant moved for reduction of his sentence, "district courts in § 3582(c)(2) proceedings may make additional findings on the drug quantity attributable to a defendant if those findings are necessary to determine the defendant's eligibility for a sentence reduction." 869 F.3d at 955. In determining "whether the defendant is more likely than not responsible for the new quantity threshold under the retroactive Guidelines amendment," the court may consider, among other things, the sentencing transcript and portions of the presentence report that the sentencing court adopted, and the court "may accept as true any facts in a PSR that the defendant did not object to at the time of sentencing." Id. at 957.

The government seeks to excuse its delay in filing this motion for reconsideration based upon the Ninth Circuit's decision in United States v. Martin, 226 F.3d 1042, 1049 (9th

Cir. 2000). However, <u>Martin</u> stands only for the proposition that district courts may reconsider their own orders <u>before they become final</u> based on shifting precedent rather than waiting for the time-consuming and costly process of appeal. However, after the order becomes final, under Federal Rule of Criminal Procedure 35(a), the court may only "correct a sentence that resulted from arithmetical, technical, or other clear error" "[w]ithin 14 days after sentencing." This fourteen-day deadline is jurisdictional, "thus divesting the court of the power to amend the sentence after fourteen days." <u>United States v. Aguilar-Reyes</u>, 653 F.3d 1053, 1055 (9th Cir. 2011). The court notes that "[w]hile a § 3582(c)(2) proceeding is not a plenary or de novo sentencing, it is still a sentencing proceeding" to which Rule 35(a)'s deadline applies. <u>United States v. Phillips</u>, 597 F.3d 1190, 1198-99 (11th Cir. 2010).

Thus, at the very latest, the government was required to file any motion to reconsider the court's reduction of defendant's sentence within Rule 35(a)'s fourteen day deadline. In the alternative, the government could have filed a notice of appeal within the normal thirty day deadline under Federal Rule of Criminal Procedure 4(b)(1)(B). The government did neither in this case, despite raising similar arguments in opposition to the Motion to Reduce Sentence that it now raises on the Motion to Reconsider. Accordingly, the court lacks jurisdiction to consider the Motion to Reconsider, and the court will deny the Motion.[1]

---

[1] The court notes that the government's interpretation of the applicable authority would seemingly allow the parties to

3

1       IT IS THEREFORE ORDERED that the government's Motion

2 for Reconsideration (Docket No. 317) be, and the same hereby is,

3 DENIED.

4 Dated:   November 15, 2017

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

seek reconsideration of a sentence even years after it is imposed, in light of intervening authority. However, as one court has observed, "[m]otions for reconsideration . . . cannot be brought at simply any time. If they could, criminal proceedings might never end." United States v. Randall, 666 F.3d 1238, 1242 (10th Cir. 2011).